# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2012

Lyle W. Cayce
Clerk

No. 11-31017
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MICHAEL WHITTEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-62-12

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Michael Whitten appeals his 420-month above-guidelines sentence imposed following his guilty plea to engaging in a child exploitation enterprise. Whitten argues that this sentence was excessive and unreasonable because the gravity of his offense was reflected in the sentencing guidelines range.

Generally, this court reviews the substantive reasonableness of a sentence for an abuse of discretion. *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011). Whitten raised some but not all the specific arguments in the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court that he raises on appeal. His newly raised arguments are subject to plain error review. *See United States v. Mondragon*, 564 F.3d 357, 361 (5th Cir. 2009). Because the instant sentence may be affirmed under either standard, our opinion will discuss the issues under the stricter form of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008)

In reviewing the substantive reasonableness of a sentence, the court should consider "the totality of the circumstances, granting deference to the district court's determination of the appropriate sentence based on the [18 U.S.C.] § 3553(a) factors." *McElwee*, 646 F.3d at 337 (internal quotations and citations omitted). The extent of the deviation should also be evaluated giving deference to the district court's determination that the 18 U.S.C. § 3553(a) factors warrant the extent of the variance. *Id.*

Whitten argues that the district court placed too much weight on his 1992 convictions, which were based on the unproven allegations by the victim of his twenty-year old prior conviction. He contends that there was no evidence that he admitted those facts or that the prosecution had actual evidence to support the allegations. Because Whitten failed to present any competent evidence to dispute the detailed facts describing the offenses in the presentence report (PSR) and did not deny committing the offenses, the district court was entitled to consider the information in the PSR in determining the sentence. *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

While acknowledging the seriousness of the offense charged, Whitten contends that its gravity was reflected in the guidelines range and that the district court should have given greater consideration to the fact that his only prior criminal conduct occurred over 20 years prior to the instant offense and that he had complied with the sexual offender registration requirements following his conviction. The district court specifically determined that the Guidelines failed to adequately consider that Whitten's prior conduct involved the repeated molestation of a child for ten years and the forcible rape of the girl

at age 14. Consideration was given to the fact that Whitten had registered as a sexual offender after his prior convictions, but the district court determined that his present involvement in child pornography indicated that he remained a threat to the public. The district court was entitled to consider Whitten's criminal history in imposing a non-guidelines sentence, especially since the district court discussed the egregious facts underlying the prior conviction and their relationship to the § 3553(a) factors. *See McElwee*, 646 F.3d at 338; *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

Whitten challenges the district court's perception that there was a link between his 1992 convictions for sexual abuse of a child and his present offense, contending that there was no empirical evidence in the record to support that conclusion. The district court specifically found that Whitten's past conduct involving child molestation and rape was intertwined with the images that Whitten was posting on the Dreamboard and found an "inextricable link" between his prior and present conduct. The production of empirical evidence was not necessary to support the district court's consideration of the premise that sexual offenders are often recidivists. *See United States v. Allison*, 447 F.3d 402, 406-07 (5th Cir. 2006)

Whitten's suggestion that the district court should have considered his advanced age as a factor in sentencing him is not persuasive because advanced age is not generally a relevant factor to be considered in determining whether to impose a long sentence. *See* U.S.S.G. § 5H1.1. In light of the gravity of his conduct, the district court did not abuse its discretion in determining that Whitten's age was not a significant factor in determining the sentence.

Arguing that he was penalized for pleading guilty early and being among the first of the defendants sentenced, Whitten asserts that the district court did not have to "rank" him among defendants because the Guidelines provided for enhancements and took his criminal history into account. Section 3553(a) instructs that an unwarranted disparity should be avoided among defendants

with "similar records who have been found guilty of similar conduct." The district court clearly considered Whitten's early plea and cooperation, but after comparing Whitten's behavior to that of his codefendants and the sentences it imposed on them, it determined that Whitten's sentence should be above the guidelines range. Such a determination was reasonable. *Gall v. United States*, 552 U.S. 38, 54-55 (2007).

Lastly, Whitten complains that the lengthy sentence effectively cancelled the credit he received for his acceptance responsibility. The district court adopted the PSR, which recommended a three-level reduction of Whitten's offense level for the acceptance of responsibility, thus, establishing the starting point for the variance. *Gall*, 552 U.S. at 50 n.6; *United States v. Lara*, 975 F.2d 1120, 1126 (5th Cir. 1992). The fact that the upward variance rendered the reduction of Whitten's offense level for acceptance of responsibility a non-significant factor did not make the sentence unreasonable.

The district court engaged in detailed discussion of the specific facts that it considered in balancing the § 3553(a) factors and that discussion did not reflect that the district court failed to take into account a factor that should have received significant weight, that it gave significant weight to an irrelevant or improper factor, or that it made a clear error in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

A significant deviation does not constitute an abuse of discretion if it is "commensurate with the individualized, case-specific reasons provided by the district court." *McElwee*, 646 F.3d at 338 (internal quotation and citation omitted). For that reason, the district court did not abuse its discretion or plainly err in determining the sentence, and the judgment of the district court is AFFIRMED.